# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

## CASE NO:

MICHAEL ARAUJO, and all others similarly
situated under 29 U.S.C. § 216(b),

    Plaintiff(s),

    v.

THE FAMOUS GROUP, LLC
d/b/a FAMOUS AUTOMOTIVE
& TIRE CENTER

    Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL ARAUJO ("Plaintiff") pursuant to 29 U.S.C. § 216(b), files his Collective Action Complaint for Damages and Demand for Jury Trial Against Defendant, THE FAMOUS GROUP, LLC d/b/a FAMOUS AUTOMOTIVE & TIRE CENTER ("Defendant"), and alleges the following:

## INTRODUCTION

1. During the past three (3) years, Defendant has intentionally and willfully misclassified its Mechanics as exempt salaried employees to avoid federal overtime obligations. Defendant failed to pay Plaintiff and all other similarly situated Mechanics applicable federal overtime wages pursuant to the Fair Labor Standards Act ("FLSA") during various workweeks within the previous three (3) years when

1

these Mechanics worked more than 40 hours in a workweek. This action arises under the FLSA, pursuant to 29 U.S.C. §§ 201–216, to recover all federal overtime wages that Defendant refused to pay Plaintiff and all other similarly situated Mechanics.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of both Nassau County, Florida and Duval County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant was a Florida limited liability company located and transacting business within Duval County and Clay County, Florida, within the jurisdiction of this Honorable Court.

4. Defendant's principal address is 1005 Park Avenue, Orange Park, Florida 32216.

5. Defendant's mailing address is 9962 San Jose Boulevard, Jacksonville, Florida 33256.

6. Defendant operates five (5) auto repair and service shops located throughout the Jacksonville, Florida area.

7. During all times material, Plaintiff primarily worked at the 9962 San Jose Boulevard, Jacksonville, Florida 33256 location.

8. During all times material hereto, Defendant was vested with control and decision-making authority over the scheduling, hiring, firing, day-to-day operations, and pay practices that pertained to Plaintiff and the collective.

9. During all times material hereto, Defendant also managed and controlled Plaintiff and administered Defendant's pay practices.

10. Defendant was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

11. All acts and/or omissions giving rise to this dispute took place within Duval County and Clay County, Florida, which falls within the jurisdiction of this Honorable Court.

12. Defendant regularly transacts business in Duval County, Florida, at 9962 San Jose Boulevard, Jacksonville, Florida 32257, and jurisdiction is therefore proper within the Middle District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

13. Defendant regularly transacts business in Duval County, Florida, at 5717 University Boulevard, Jacksonville, Florida 32216, and jurisdiction is therefore proper within the Middle District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

14. Defendant regularly transacts business in Duval County, Florida, at 500 State Road 13 N, Jacksonville, Florida 32259, and jurisdiction is therefore proper within the Middle District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

15. Defendant regularly transacts business in Duval County, Florida, at 1964 Cassat Avenue, Jacksonville, Florida 32210, and jurisdiction is therefore proper within

the Middle District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

16. Defendant regularly transacts business in Clay County, Florida, at 3575 Highway 17, Florida 32003, and jurisdiction is therefore proper within the Middle District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

17. Plaintiff and similarly situated Mechanics regularly and recurrently performed repair services on vehicles that weigh under ten thousand (10,000) pounds therefore this claim does not fall under the jurisdiction of the Department of Transportation.

18. Venue is also proper within the Middle District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## PLAINTIFF'S WORK FOR DEFENDANT

19. Defendant operates five (5) auto repair and servicing shops that are based out of Jacksonville, Florida. *See* [https://famousautorepairandtires.com/locations/](https://famousautorepairandtires.com/locations/) (last visited December 5, 2023).

20. Within its five (5) shops, and through its Mechanics, Defendant offers a variety of services to customers, such as auto repair, air conditioning and heat repair, auto suspension, brake repair, tire sales, wheel alignment, oil changes, and more services relating to customers' automotive vehicles.

21. Defendant hired Plaintiff to work as a Mechanic to support its 5717 University Boulevard location on July 13, 2020.

22. Defendant misclassified Plaintiff as an exempt salaried employee to avoid federal overtime wage obligations.

23. During Plaintiff's employment, the Defendant maintained direct control and supervision of the work performed by Plaintiff.

24. The primary duty of Plaintiff during his employment period was to service Defendant's customer's automotive vehicles for a variety of mechanical issues.

25. Defendant retained control and supervision over Plaintiff's work schedules.

26. Plaintiff did not have any hiring or firing authority any point during their employment for Defendant.

27. Plaintiff did not have any supervising authority.

28. Plaintiff was not required to have any specialized training, certificates, or licenses to perform their job duties.

29. During his employment period, Plaintiff regularly worked between fifty (50) and fifty-five (55) hours per week.

30. Defendant paid Plaintiff $1,000 per week regardless of the number of hours he worked.

31. During the past three (3) years, Defendant did not pay Plaintiff, or any other similarly situated Mechanic, all federal overtime wages owed when Mechanics worked more than forty (40) hours per week.

32. Plaintiff's last day of working for Defendant was on or around September 27, 2023.

## THE FEDERAL OVERTIME COLLECTIVE IS COMPRISED OF MISCLASSIFIED MECHANICS

33. During the previous three (3) years, Defendant enacted and enforced a company-wide policy in which it misclassified Plaintiff and other similarly situated Mechanics as exempt salaried employees in an effort to avoid federal overtime wage obligations.

34. Defendant implemented and enforced this company-wide policy against Plaintiff and similarly situated Mechanics regardless of the location in which they worked and regardless of their physical location in Florida.

35. Defendant required Plaintiff and similarly situated Mechanics to work more than 40 hours in a workweek without compensating them the proper federal overtime wages.

36. During the previous three (3) years, Defendant failed to pay all federal overtime wages owed to Mechanics when they worked more than forty (40) hours in a workweek.

37. Accordingly, Plaintiff seeks to represent the following collective of similarly situated employees:

> **All Mechanics employed by Defendant in Florida during the previous 3 years who were misclassified as exempt salaried employees and worked more than 40 hours in a workweek.**

38. Collective members are treated equally and similarly in that they were misclassified as exempt salaried employees and denied proper federal overtime wages

as a result of Defendant's unlawful policy which fails to compensate non-exempt Mechanics statutory overtime wages when they work more than forty (40) hours per week.

39. Defendant's pay policies uniformly lead to overtime wage violations with respect to each and every Mechanic who worked in excess of forty (40) hours per week.

40. Defendant has employed dozens of Mechanics throughout Florida who were not paid federal overtime wages in accordance with the FLSA and pertinent federal regulations.

41. Plaintiff and the collective members were subjected to the same employment policies during the previous three (3) years.

## FLSA COVERAGE

42. Defendant is covered under the FLSA through enterprise coverage, as Defendant was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, Defendant engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant's business, and Plaintiff's work for Defendant, affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

43. During his employment with Defendant, Plaintiff, and various other similarly situated employees handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following:

automotive parts ordered from manufacturers or out-of-state vendors, air compressors, car jacks and car stands, flashlights, funnels, hammers, jumper cables, multimeters, oil drain pans, pliers, prey bars, ratchets, various types of screwdrivers, tire gauges, and various types of wrenches.

44. Defendant also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making Defendant's business an enterprise covered by the FLSA.

45. Upon information and belief, Defendant grossed or did business in excess of $500,000.00 in the years 2020, 2021, 2022, and is expected to gross in excess of $500,000.00 in the year 2023.

46. During his employment with Defendant, Plaintiff was regularly and recurrently engaged in an instrumentality of interstate commerce and subject to individual coverage, as that term is defined by the FLSA. More specifically, Plaintiff handled and worked with various goods and/or materials that have moved through interstate commerce, including, but not limited to: automotive parts, tires. screwdrivers, hammers, wrenches, various forms of pliers, ratches, socket sets, pry bars, jack and jack stands, and other auto shop-related items.

47. During his employment with Defendant, Plaintiff (i) performed non-exempt work; (ii) did not have supervisory authority over any individuals; (iii) did not make any decisions of importance on behalf of Defendant; and (iv) was not required

to possess any advanced training, skill, or prolonged education in order to perform any of his primary duties and responsibilities.

48. During all times material hereto, Plaintiff was a non-exempt employee of Defendant, within the meaning of the FLSA.

**COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207**
**(Misclassified Employees Collective)**

49. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 48 as though set forth fully herein.

50. Plaintiff alleges this Collective Action Complaint pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

51. Plaintiff intends to seek conditional certification of a Misclassified Employee Collective ("MEC").

52. Defendant failed to compensate Mechanics (including Plaintiff) when Defendant required these Mechanics to work more than 40 hours in a workweek during the previous three (3) years.

53. Defendant refused to pay Plaintiff and all other similarly situated Mechanics the applicable regular hourly rate for all hours worked over forty (40) in one or more weeks of their employment.

54. Plaintiff seeks certification under 29 U.S.C. § 216(b) of the following similarly situated employees collectively for Defendant's failure to pay overtime wages:

> **All Mechanics employed by Defendant in Florida during the previous 3 years who were misclassified as exempt**

**salaried employees and worked more than 40 hours in a workweek.**

55. Plaintiff claims the applicable federal overtime wage rate for all of the unpaid hours over forty (40) that he worked during his employment period.

56. Defendant willfully and intentionally refused to pay Plaintiff and the collective federal overtime wages as required by the FLSA, as Defendant knew or should have known of the FLSA's overtime wage requirements and disregarded same. Defendant indicated its knowledge and awareness of wage and hour requirements but nevertheless refused to comply with these requirements.

57. Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

58. Moreover, because of Defendant's willful and/or intentional violations of the FLSA, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

WHEREFORE, Plaintiff, MICHAEL ARAUJO, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, THE FAMOUS GROUP, LLC d/b/a FAMOUS AUTOMOTIVE & TIRE CENTER, and award Plaintiff: (a) unpaid federal overtime wages; (b) liquidated damages; (c) reasonable attorney's fees and costs; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, MICHAEL ARAUJO, demands a trial by jury on all appropriate claims on behalf of himself and all others similarly situated.

**Dated: December 13, 2023**

Respectfully Submitted,

| | |
|---|---|
| **USA EMPLOYMENT LAWYERS – JORDAN RICHARDS, PLLC**<br>1800 SE 10th Ave, Suite 205<br>Fort Lauderdale, Florida 33316<br>Ph: (954) 871-0050<br>*Co-Counsel for Plaintiff* | **MAGID WILLIAMS, P.A.**<br>3100 University Boulevard S<br>Suite 115<br>Jacksonville, Florida 32216<br>Ph: 904-725-3410<br>*Co-Counsel for Plaintiff* |
| By: */s/ Michael V. Miller*<br>MICHAEL V. MILLER, ESQ.<br>Florida Bar No.: 0064005<br>JORDAN RICHARDS, ESQUIRE<br>Florida Bar No. 108372<br>michael@usaemploymentlawyers.com<br>Jordan@jordanrichardspllc.com | By: */s/ Daniel Williams*<br>DANIEL WILLIAMS, ESQ.<br>Florida Bar No.: 0036625<br>dan@magidwilliams.com |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on December 13, 2023.

By: */s/ Michael V. Miller*
MICHAEL V. MILLER, ESQUIRE
Florida Bar No. 0064005

**SERVICE LIST:**